UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SKYLER COBURN,

    Petitioner,

v.                                    Case No. 3:23-cv-62-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

---

## ORDER

### I. Status

Petitioner Skyler Coburn, an inmate of the Florida penal system, initiated this action through counsel on January 17, 2023, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). On February 6, 2023, counsel filed an Amended Petition to include Coburn's signature (Amended Petition; Doc. 3) and also added a "Statement of Grounds" (Statement; Doc. 3-1). In the Amended Petition, Coburn challenges a 2014 state court (Clay County, Florida) judgment of conviction for armed robbery. He raises one ground for relief. See Amended Petition at 6; Statement at 2–5. Respondent has submitted a memorandum in opposition to the Amended Petition, arguing that the action is untimely. See Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Response; Doc. 7). Respondent also

submitted exhibits. See Docs. 7-1 through 7-34. Coburn filed a brief in reply. See Response to Motion to Dismiss Petition for Writ of Habeas Corpus (Reply; Doc. 10). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondent contends that Coburn has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 3. Coburn disagrees. Amended Petition at 9. The following procedural history is relevant to the one-year limitations issue. On February 13, 2014, the State of Florida charged Coburn by an amended information with armed robbery. Doc. 7-1 at 53. Coburn proceeded to a trial, and on February 21, 2014, a jury found him guilty. Id. at 103–04. On March 26, 2014, the trial court sentenced him to a twenty-five-year term of imprisonment with a ten-year minimum mandatory term. Id. at 111–16.

Coburn filed a direct appeal, which the First District Court of Appeal (First DCA) dismissed as untimely. Doc. 7-1 at 132, 140. The First DCA subsequently granted Coburn's petition for belated appeal. Docs. 7-5 at 2–4; 7-6 at 2. During the pendency of the direct appeal, Coburn filed a motion for

modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), which the trial court dismissed for lack of jurisdiction. Docs. 7-11 at 2–4; 7-12 at 2. The First DCA per curiam affirmed Coburn's conviction and sentence without a written opinion on November 13, 2015, Doc. 7-9 at 2, and issued the mandate on December 9, 2015, Doc. 7-10 at 2.

As Coburn's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Coburn's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Coburn to file a petition for writ of certiorari expired on Thursday, February 11, 2016 (ninety days after November 13, 2015). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Coburn had until February 11, 2017, to file a federal habeas petition. He did not file his initial Petition until January 17, 2023. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

4

Counting from February 12, 2016, 363 days elapsed before Coburn tolled the one-year limitations period by filing a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on February 9, 2017. See Doc. 7-13 at 6–21. After holding an evidentiary hearing, the trial court entered an order dismissing in part and denying in part the 3.850 Motion. Id. at 143–57. Coburn appealed the trial court's decision in Case No. 1D18-3430, but the appellate court dismissed the appeal for Coburn's failure to file an Initial Brief on March 28, 2019. Doc. 7-14. Starting the following day, Coburn had two days, or until March 31, 2019, to file his federal habeas petition. Coburn did not file his Petition until January 17, 2023.

On May 1, 2021, Coburn filed a "Petition for Belated Appeal" in the First DCA. Doc. 7-28. In a case designated as Case No. 1D21-0591, the First DCA initially construed the petition as a petition alleging ineffective assistance of appellate counsel but later withdrew that order and stated the case would proceed as a petition seeking a belated appeal. Docs. 7-29; 7-30. The First DCA instructed Coburn to file an amended sworn petition and properly serve the amended petition. Doc. 7-30 at 2. Coburn filed an amended petition, which the First DCA then treated as a motion to reinstate the appeal in Case No. 1D18-3430 (the appeal on the trial court's adjudication of Coburn's 3.850 motion), transferred the petition to Case No. 1D18-3430, and dismissed Case No. 1D21-0591. Docs. 7-31; 7-32. Ultimately, the First DCA per curiam affirmed the trial

5

court's decision without a written opinion on November 22, 2022, Doc. 7-17 at 2–3, and on December 20, 2022, issued the mandate, Doc. 7-18 at 2.[1] Both parties calculate the one-year limitations period under the assumption that Coburn is entitled to tolling from the time the original appeal was filed in Case No. 1D18-3430 to the date the mandate was issued on December 20, 2022. The Court rejects this premise. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back as to toll idle periods preceding the filing of federal petition."); see also Lewis v. Wheeler-White, No. 09-00430-WS-N, 2010 WL 3023524, at *3 n.6 (S.D. Ala. July 1, 2010) (concluding that the petitioner's argument that a motion to reinstate appeal tolled the statutory period under § 2244 was "unavailing").[2] Nevertheless, even if Coburn were entitled to tolling through December 20, 2022, when the First DCA issued the mandate on the affirmance of the trial court's decision

---

[1] While Coburn filed a Motion for Written Opinion, the First DCA transferred the case to the Fifth District Court of Appeal, which took no action on Coburn's Motion. See Doc. 7-21 at 7.

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

regarding Coburn's 3.850 Motion, the Petition would still be untimely. Resuming the running of the one-year limitations period the following day, Coburn had two days, until Friday, December 23, 2022, to timely file his federal habeas petition but he did not file his petition until January 17, 2023. Thus, the Petition is untimely.[3]

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Thomas, 992 F.3d

---

[3] Coburn filed a second 3.850 Motion on November 15, 2019. Doc. 7-22 at 5–10. However, the trial court dismissed the motion as untimely and successive. Id. at 25–26. Accordingly, that motion was not "a properly filed application for State post-conviction or other collateral review," and would not toll Coburn's one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (stating that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (citation omitted); Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018) (finding an untimely Rule 3.850 motion was not a "properly filed" motion that tolled the one-year limitations period).

at 1179 (quotations and citation omitted). The burden is on Coburn to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Coburn does not argue that he is entitled to equitable tolling. However, in the Reply, Coburn argues his Petition is timely because he believes "the time to seek certiorari at the supreme court should run from the date which the opinion of the district court of appeal cannot be further amended, that is, the mandate." Reply at 1–3. However, the Eleventh Circuit has specifically instructed that "the entry of the judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)." Chavers, 468 F.3d at 1275. Moreover, the Eleventh Circuit has determined that general ignorance or confusion regarding the law is not an extraordinary circumstance warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x

8

995, 997 (11th Cir. 2013).[4] All litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Accordingly, Coburn is not entitled to equitable tolling merely based on his misunderstanding of, or disagreement with, the law. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Coburn seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Coburn "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

9

'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Coburn appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2025.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

JaxP-12
c: Counsel of Record

11